IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KARL J. POLZER,
    Petitioner

v.

WARDEN JOSEPH PIAZZA,
    Respondent

CIVIL NO. 3:CV-09-2028

(Judge Munley)

## ORDER

**AND NOW**, to wit, this 31st day of December 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, in which petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE") pending completion of his removal proceedings, and it clearly appearing from the government's response to the petition (Doc. 12), and exhibits attached thereto (Doc. 12-2), that although ICE has lodged a detainer against petitioner, he is not in the custody of ICE or in removal proceedings but, rather, is incarcerated at the Luzerne County Correctional Facility serving a Luzerne County Court of Common Pleas criminal sentence (Doc. 12-2, at 17), see 28 U.S.C. § 2241(c)[1]; see Green v. Apker, 153 Fed. App'x. 77, 79, 2005 WL

---

[1] 28 U.S.C. § 2241(c) provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless-

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treatiUnitedStates.

2642119 (3d Cir. 2005) (holding that a writ of habeas corpus may only extend to an alien if he or she is "in custody" pursuant to an ICE detainer); see Adams v. Apker, 148 Fed. App'x. 93, 95, 2005 WL 2082919, *2 (3d Cir. 2005) (finding that "a prisoner who is serving a criminal sentence is not in ICE custody simply because the ICE has lodged a detainer against him with the prison where he is incarcerated."); see also Garcia v. INS, 733 F. Supp. 1554, 1555 (M.D.Pa.1990) (ruling that the "lodging of a detainer does not subject [a] petitioner to [ICE] custody" and, as a result, the petitioner could not file for habeas corpus relief), it is hereby ORDERED that the petition for writ of habeas corpus is DISMISSED pursuant to 28 U.S.C. § 2241(c). It is further ORDERED that the Clerk of Court shall CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court